UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

   v.                                    Civil No. 18-cv-1227-LM

Chief Deputy Richard M. Young Jr. et al.

**REPORT AND RECOMMENDATION**

This court previously conducted a preliminary review of Plaintiff Josephine Amatucci's initial complaint (Doc. No. 1 (4220)[1]) and three complaint addenda (Doc. Nos. 3 (4273), 5 (4256), 7 (4445)), and on August 9, 2019, issued an Order (Doc. No. 10) directing service of this action on defendants Carroll County Sheriff's Department ("CCSD") Chief Deputy Richard M. Young Jr., CCSD Sgt. Michael Bedley, and the CCSD. Since then, Mrs. Amatucci has filed a document, which the court construes as an amended complaint (Doc. No. 11 (4521)), and the following motions, petitions, and other documents, which the court construes as addenda to that amended complaint:

---

[1] Mrs. Amatucci has numbered almost all of the documents she has filed in this case. When referencing the court's docket numbers for those documents, the court will add Mrs. Amatucci's number to that reference to assist her in identifying the documents.

- Notice of Interlocutory Appeal (Doc. No. 15 (4522)),
- Supplemental Documents (Doc. No. 18 (4550)),
- Motion for Summary Judgment (Doc. No. 19 (4549)),
- Supplement to Motion for Summary Judgment (Doc. No. 22 (4554)),
- Petition Under Right to Know/FOIA (Doc. No. 23 (4559)),
- Response to Magistrate Judge's Order (Doc. No. 25 (4615)),
- Notice of Supplement to Summary Judgment (Doc. No. 27),
- Motion for Immediate Response to Summary Judgment (Doc. No. 33 (4678)),
- Response to Defendants' Objection (Doc. No. 35 (4693)),
- "Response to Refusal of Response to Subpoena" (Doc. No. 40 (4732)),
- Motion for Summary Judgment (Doc. No. 42 (4760)),
- Response to Defendants' Objection to Summary Judgment (Doc. No. 44 (4768)),
- Motion for Summary Judgment/Response to Notice of the Court (Doc. No. 45 (4771)),
- Motion for Hearing on Summary Judgment (Doc. No. 49 (4789)),
- Supplemental Memorandum of Law in Support of Summary Judgment (Doc. No. 50 (4793)),
- Response to Defendants' Objection (Doc. No. 52 (5001)),
- Motion to Amend Document No. 49 (4789) (Doc. No. 53 (5019)),
- "Clearly Established Evidence of Speedy Trial for Excessive Force on Elderly" (Doc. No. 55 (5034)), and
- "Supplement to Case Under Law" (Doc. No. 60 (5094)).

The factual and legal assertions in the initial complaint (Doc. No. 1 (4220)), addenda to the initial complaint (Doc. Nos. 3 (4273), 5 (4256), 7 (4445)), the amended complaint (Doc. No. 11 (4521)), and the above-listed addenda to the amended complaint, are now construed, collectively, as the operative complaint in this matter (hereinafter, collectively, the

"Amended Complaint") are before the court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).[2] Also before the court is the defendants' motion to dismiss (Doc. No. 14), seeking to dismiss the original complaint.  Mrs. Amatucci objects to that motion to dismiss (Doc. No. 19).

## Preliminary Review[3]

I.  Mrs. Amatucci's Allegations in the Amended Complaint

On September 7, 2018, Mrs. Amatucci went to the Carroll County Attorney's Office ("CCAO"), which is open to the public, to file a complaint against Wolfeboro Police Department Chief Dean Rondeau for threatening her and accusing her of a crime she did not commit.  As there was no receptionist at the CCAO, Mrs. Amatucci alleges she rang a bell for service, announced the purpose of her visit, and stated that she was in fear for her safety as a result of Chief Rondeau's action.  In response, Mrs. Amatucci was told to either send a letter or make an appointment

---

[2] The factual assertions in the documents listed here are construed as addenda to the amended complaint.  To the extent these documents are pending motions, they will be addressed separately.

[3] In conducting this preliminary review, the court applies the standard set forth in the court's August 19, 2019 Order (Doc. No. 10).

to file her complaint. Mrs. Amatucci alleges that she then asked to make an appointment, and when she received no response, rang the bell again.

Shortly thereafter, CCSD Chief Deputy Young and Sgt. Bedley arrived at the CCAO and asked Mrs. Amatucci to leave the office. Mrs. Amatucci alleges she told the officers she was there to file a complaint, that she had a concern for her safety, and that she did not want to leave without filing her complaint. Mrs. Amatucci alleges she said she wanted to wait there until someone came out of the CCAO to speak with her. Mrs. Amatucci alleges that while she was waiting for someone to come out and take her complaint, she unsuccessfully attempted to call the CCAO on her cell phone to schedule an appointment to file her complaint. Mrs. Amatucci also alleges that no one at the CCAO told her to leave that office. See Doc. No. 50, at 3.

Mrs. Amatucci alleges that at the time the deputies arrived, she already mistrusted and feared Chief Deputy Young, as she felt that he had previously lied to her, and had assisted another law enforcement officer in violating her rights. Chief Deputy Young approached Mrs. Amatucci, and she alleges she rang the bell again and pleaded for someone to come out and "get this criminal away from me." Doc. No. 1 (4273), at 3.

Mrs. Amatucci, who was eighty years old on September 7, 2018, alleges that Chief Deputy Young then grabbed her right arm, and squeezed and twisted it repeatedly, causing her to scream in pain more than once, and escorted Mrs. Amatucci out of the CCAO.  Mrs. Amatucci alleges that while Chief Deputy Young was squeezing and twisting her arm, and while she was screaming in pain, Sgt. Bedley did nothing to stop or protect her from Chief Deputy Young's use of physical force, despite having the opportunity to do so.

Mrs. Amatucci further alleges that she was not violent or aggressive during her encounter with the deputies on September 7, 2018, she had not committed any crime, and she did not pose a threat to them or anyone else at any time.  Mrs. Amatucci alleges that the force used against her caused her arm to turn red and purple and form a large lump.  Mrs. Amatucci, therefore, went to see her primary care physician immediately after the incident.  Mrs. Amatucci alleges that, upon seeing her arm, a nurse said she should go to the emergency room, and personally accompanied her there, where Mrs. Amatucci's arm was x-rayed, and she was given a sling and prescription medication.  Mrs. Amatucci asserts that the pain in her arm was severe enough to cost her several nights' sleep, and that the bruising on her arm

worsened over the next several days and resulted in a permanent scar.

II. Claims

In the August 9, 2019 Order (Doc. No. 10), the court identified the following claims for relief:

    1. On September 7, 2018, CCSD Chief Deputy Richard Young violated Mrs. Amatucci's Fourth Amendment right not to be subjected to an unreasonable seizure of her person, by using excessive force against her in an objectively unreasonable manner, when he grabbed, squeezed, and twisted her arm, causing her extreme pain and injury, when Mrs. Amatucci had not engaged in any conduct which posed a threat to anyone, or otherwise provoked the use of force against her;

    2. CCSD Chief Deputy Richard Young violated Mrs. Amatucci's First Amendment right to petition the government for a redress of grievances by preventing her from filing a complaint against WPD Chief Dean Rondeau, at the Carroll County Attorney's Office on September 7, 2018;

    3. CCSD Chief Deputy Richard Young's actions during his encounter with Mrs. Amatucci on September 7, 2018, render him liable under state tort law for:

        a. assault,

        b. intentional infliction of emotional distress, and

        c. false imprisonment;

    4. CCSD Sgt. Michael Bedley violated Mrs. Amatucci's Fourteenth Amendment right to be protected from harm by failing to intervene when CCSD Chief Deputy Young engaged in excessive force against Mrs. Amatucci on September 7,

2018, despite having the ability and opportunity to do so.

   5.   The Carroll County Sheriff's Department is liable for the conduct of CCSD Chief Deputy Richard Young underlying the claims asserted against Young in Claims 1-4, as set forth above, this action, based on a theory of municipal liability, as Deputy Young is a CCSD policymaker, and his actions which are alleged to have violated Mrs. Amatucci's rights thus constituted official CCSD policy, practice or custom.

   6.   Wolfeboro Police Chief Dean Rondeau threatened Mrs. Amatucci and accused her of a crime she did not commit.

The court directed service of Claims 1-5 on Chief Deputy Young, Sgt. Bedley, and the CCSD. As to Claim 6, the court found Mrs. Amatucci had failed to state a claim for relief against Chief Dean Rondeau and granted her leave to amend her complaint to do so. In the Amended Complaint Mrs. Amatucci has notified the court that:

- she does not wish to name Chief Rondeau as a defendant to this action, see Doc. No. 11 (4521), at 1;
- she did not intend, and does not wish, to assert any claims under state law, see Doc. No. 15 (4522), at 3-4;
- she wishes to add the Carroll County Commissioners as defendants, see Doc. No. 11 (4521), at 3; and
- Claim 5 arises under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), see Doc. No. 11 (4521), at 1-2.

7

III. Discussion

A. 42 U.S.C. § 1985

Mrs. Amatucci has asserted that her claims in this case arise under 42 U.S.C. § 1985 as well as under § 1983. See Doc. No. 1 (4220), at 1. Section 1985 provides a cause of action for a civil rights conspiracy. To state a civil rights conspiracy claim under § 1985, a plaintiff must allege, in addition to interference with a federally protected right, that acts taken in furtherance of the conspiracy subjected her to race discrimination or other class-based discrimination. See Boyle v. Barnstable Police Dep't, 818 F. Supp. 2d 284, 318 (D. Mass. 2011). There are no allegations in the complaint that state a claim of race discrimination or any other discrimination targeting a protected class. Accordingly, the district judge should dismiss Mrs. Amatucci's claims to the extent they are asserted under § 1985.

B. Claim Against Chief Rondeau (Claim 6)

Mrs. Amatucci has filed, in her Amended Complaint, notice to the court that she does not wish to assert any claim against Chief Rondeau in this case. See Doc. No. 11 (4521), at 1.

Accordingly, the district judge should dismiss Claim 6 and drop Chief Rondeau as a defendant in this action, without prejudice.

### C.   Claims Arising Under State Law (Claims 3(a)-(c))

Mrs. Amatucci has stated, in the Amended Complaint, that she neither intended nor wishes to assert claims in this case which arise under state law.  See, e.g., Doc. No. 19 (4549), at 1-2, 5-6).  Accordingly, the district judge should dismiss Claims 3(a)-(c) without prejudice.

### D.   *Monell* Claim (Claim 5)

"[W]hen execution of a [local] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," then "the [local] government as an entity" may be held responsible for the injury under § 1983.  Monell, 436 U.S. at 694.  Mrs. Amatucci alleges here that Chief Deputy Young, at the time of the events underlying this action, had policymaking authority at the CCSD, a municipal entity, and that therefore his actions can be fairly said to represent, and result from, an official Carroll County policy, custom, or practice.  As Mrs. Amatucci's claims, to the extent they are

9

asserted against Chief Deputy Young, the CCSD, and the Carroll County Commissioners, in those defendants' official capacities, allege liability of the municipality for the officers' conduct, the court amends and replaces Claim 5 with the following claim that this court identifies as "Claim 5A," as follows:

> 5A.  The Carroll County Sheriff's Department, the Carroll County Commissioners, and CCSD Chief Deputy Richard Young, in their official capacities, are liable for the conduct of CCSD Chief Deputy Richard Young and CCSD Sgt. Michael Bedley underlying Claims 1, 2, and 4, as set forth above, based on a theory of municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), as Chief Deputy Young is a CCSD policymaker, and his actions which are alleged to have violated Mrs. Amatucci's rights thus constitute and are the result of official CCSD policy, practice, or custom.

To the extent Mrs. Amatucci asserts claims against the Carroll County Commissioners in their individual capacities, the district judge should dismiss those claims as she has failed to state any facts to demonstrate that those defendants personally engaged in any act which violated Mrs. Amatucci's federal constitutional rights.

### E.   "Background" Facts are Not Findings of Fact

In its August 9, 2019 Order (Doc. No. 10), the court stated that, to the extent it allows claims to proceed against any defendant after preliminary review:

> the court finds only that those claims are
> sufficiently stated to allow Mrs. Amatucci to initiate
> this action, and to require the defendants to respond
> to the complaint after they are served.  At this early
> stage of the proceedings, the court does not make any
> finding as to whether Mrs. Amatucci is likely to
> succeed on her claims in this matter, or as to the
> merits of her claims or any defenses the defendants
> may raise as to those claims.

Aug. 9, 2019 Order (Doc. No. 10, at 6-7).  Despite that statement, Mrs. Amatucci, in her Amended Complaint, has claimed that the court's statement of "Background" facts in the August 9, 2019 Order constitutes the court's finding that those facts are true and need not be proven at trial.  See, e.g., Doc. No. 49 (4789), at 1 ("the Magistrate has already determined [] "FINDING OF FACT [] in this case in her ORDER issued August 9, 2019.  Where the Magistrate ALREADY made findings of the Plaintiff's . . . VIOLATIONS OF HER CIVIL RIGHTS."); id. at 3-4 ("[I]n her ORDER of August 9, 2019 Magistrate Judge Johnstone already . . . 'PROPOSED HER FINDINGS OF FACT' . . . and ALREADY determined that the Plaintiff's claims . . . CAN PROCEED.").  Mrs. Amatucci is mistaken.

The court now emphasizes that, at this preliminary stage of the case, the court does not make any finding as to whether the facts Mrs. Amatucci has alleged will be proven, or whether Mrs. Amatucci will be able to succeed on the merits of her claims in

11

this matter. Additionally, despite Mrs. Amatucci's assertions to the contrary, the "Background" facts set forth in the August 9, 2019 Order, like the "Allegations in the Complaint" section of this Report and Recommendation ("R&R"), <u>are not findings of fact</u>; they are only a summary of the facts Mrs. Amatucci has asserted in her Amended Complaint.

**Motion to Dismiss**

Since the defendants filed their motion to dismiss (Doc. No. 14) Mrs. Amatucci's initial complaint, she has filed numerous addenda to the Amended Complaint, as listed in this R&R.  Under this court's local rules,

> When a plaintiff files an amended complaint as of right or with leave of court after the filing of a motion to dismiss for failure to state a claim, the motion to dismiss shall be automatically denied without prejudice and the defendant(s) shall respond to the amended complaint as may be appropriate under Fed. R. Civ. P. 12, within the time allowed under Fed. R. Civ. P. 15(a).

LR 15.1(c).

LR 15.1(c) prevents the litigation of a motion to dismiss a complaint which is no longer the operative complaint in this matter.  Although Mrs. Amatucci's initial amended complaint (Doc. No. 11 (4521)) was filed before the defendants filed their

motion to dismiss, all of the addenda to Document No. 11 were filed after the motion to dismiss.  Further, the motion to dismiss makes no reference to any documents which were filed after the initial complaint documents (Doc. Nos. 1 (4220), 3 (4273), 5 (4256), 7 (4445)).  Accordingly, to avoid expending resources on matters that have been superseded by later filings, it is appropriate for the district judge to deny the defendants' motion to dismiss the initial complaint, without prejudice, under LR 15.1(c).

**Conclusion**

For the reasons explained above, the undersigned magistrate judge recommends that the District Judge:

    1.   dismiss all claims that are asserted by Mrs. Amatucci under 42 U.S.C. § 1985, for failure to state a claim upon which relief can be granted;

    2.   dismiss Claims 3(a)-(c) from this action, without prejudice;

    3.   dismiss Claim 6 from this action and drop Chief Dean Rondeau as a defendant, without prejudice;

    4.   dismiss without prejudice the claim previously identified as Claim 5, and replace that dismissed claim with Claim 5A, as identified in this Report and Recommendation;

    5.   add the Carroll County Commissioners and CCSD Chief Deputy Young as defendants in their official

    capacities;

       6.   dismiss Mrs. Amatucci's claims asserted against the Carroll County Commissioners in their individual capacities; and

       7.   deny the defendants' motion to dismiss (Doc. No. 14), without prejudice, and without expressing any opinion on the merits of that motion.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). That period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

 

_____
Andrea K. Johnstone
United States Magistrate Judge

August 21, 2020

cc:   Josephine Amatucci, pro se
      Dona Feeney, Esq.
      Thomas M. Closson, Esq.