**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

Josephine Amatucci

    v.

Chief Deputy Richard Young, Jr.,
Sgt. Michael Bedley, and
Carroll County Sheriff's Department

Case No. 18-cv-1227-SM
Opinion No. 2021 DNH 156

**O R D E R**

Before the court are the following motions filed by Plaintiff Josephine Amatucci:

- "Motion for Summary Judgment" (Doc. Nos. 82 (5212))

- "Motion for Summary Judgment Under Oath" (Doc. No. 87 (5212))

- "Motion for Summary Judgment" (Doc. No. 91 (5271))

- "Plaintiff's Motion for Judgment as a Matter of Law Under 'the Plain Rule of 56(c) Mandates Entry of Summary Judgment'" (Doc. No. 94 (5286))

- "A Motion for Judgment as a Matter of Law" (Doc. No. 96 (5299))

- "Motion for Summary Judgment" (Doc. Nos. 110 (5404)), 123 (5463))

- "Motion for Summary Judgment" (Doc. No. 124 (5303)).[1]

---

[1] Mrs. Amatucci assigns a four-digit number to most of the filings she makes in this Court.  As has been previously requested by Mrs. Amatucci, the court references her four-digit identification number in parentheses, after the Electronic Case

The defendants have filed objections to the above-listed motions.[2]  See Doc. Nos. 88, 90, 93, 114, 129.  For the reasons explained in this Order, Mrs. Amatucci's motions are denied without prejudice.

## Pre-Discovery Summary Judgment Standard

In general, "[s]ummary judgment is appropriate when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Feliciano-Muñoz v. Rebarber-Ocasio, 970 F.3d 53, 62 (1st Cir. 2020) (quoting Fed. R. Civ. P. 56(a)).  "The party moving for summary judgment bears the initial burden of showing that no genuine issue of material fact exists." Feliciano-Muñoz, 970 F.3d at 62 (internal citation omitted).  Then, "[the nonmoving party] must respond to a properly supported motion with sufficient evidence to allow a reasonable jury to find in its favor with respect to each issue

---

Filing document number of Mrs. Amatucci's filings to assist her in identifying the documents referenced.

[2] In their objections, the defendants suggest that the Court issue a sua sponte protective order relieving them of their obligation to respond to Mrs. Amatucci's motions unless ordered to do so, and other relief not directly related to the motions in response to which the objections are filed.  Under this Court's Local Rules, "[o]bjections to pending motions and affirmative motions for relief shall not be combined in one filing." LR 7.1(a).  If the defendants seek specific relief in this matter, they must file an appropriate motion therefor.

on which [it] has the burden of proof." Id. (internal quotation marks and citation omitted).  "In light of its requirement of a factually supported record, summary judgment is unusual as a pre-discovery response to a pleading; it is usually reserved to a later phase of the case, after discovery has sharpened the parties' focus on the facts." Saltzman v. Whisper Yacht, Ltd., C.A. No. 19-285MSM, 19-463MSM, 2019 U.S. Dist. LEXIS 218088, at *15, 2019 WL 6954223, at *5 (D.R.I. Dec. 19, 2019) (citation omitted), R&R adopted, 2020 U.S. Dist. LEXIS 30462, at *1, 2020 WL 872599, at *1 (D.R.I. Feb. 21, 2020); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ("plain language" in Fed. R. Civ. P. 56(a) "mandates the entry of summary judgment, after adequate time for discovery").

    Mrs. Amatucci filed the above-listed motions "pre-discovery," in that formal discovery has not taken place in this case.  The Court has not issued a Scheduling Order or held a preliminary pretrial conference under Rule 16 of the Federal Rules of Civil Procedure.  Thus, the parties in this case have not been required to make discovery requests of the opposing party, or to respond to discovery requests that may have been made of them.  See generally Fed. R. Civ. P. 16, 26.

## **Discussion**

Upon reviewing Mrs. Amatucci's pending motions for summary judgment and for judgment as a matter of law, the Court finds that the motions are not appropriately granted prior to the parties having a full opportunity to conduct discovery. Accordingly, the Court finds no reason to depart from the usual course, which is to entertain summary judgment motions only after the parties have had an adequate opportunity to conduct formal discovery.

Therefore, the Court denies Mrs. Amatucci's motions for summary judgment and the motions for judgment as a matter of law, without prejudice to Mrs. Amatucci's ability to file a properly supported summary judgment motion after the parties have had the opportunity to engage in formal discovery, and the defendants are in a position to file a properly supported response to her motion.  Mrs. Amatucci is instructed not to file any further motions for summary judgment before the Court issues a Scheduling Order and the parties have had the opportunity to conduct formal discovery.

## **Document No. 94**

Despite being titled as a motion for summary judgment and for judgment as a matter of law, Document No. 94 primarily seeks the recusal of Chief Judge McCafferty and Magistrate Judge

Johnstone from this matter. With regard to Judge McCafferty, the question is moot, as she recused herself from this matter on June 9, 2021. See Doc. No. 112. The motion fails to assert sufficient grounds to find that Judge Johnstone has actual bias in this matter, or that her involvement with this case presents an appearance of bias. Accordingly, to the extent it seeks recusal of Judge McCafferty and Judge Johnstone, Mrs. Amatucci's motion (Doc. No. 94) is DENIED.

## Conclusion

For the foregoing reasons, the Court directs as follows:

1.   Mrs. Amatucci's motions for summary judgment and for judgment as a matter of law (Doc. Nos. 82, 87, 91, 94, 96, 110, 123, 124) are DENIED without prejudice to her ability to file a properly supported motion for summary judgment once the parties have had the opportunity to conduct formal discovery.

2.   Mrs. Amatucci is instructed not to file any further motions for summary judgment or for judgment as a matter of law, or to seek such relief in motions with other titles, until the Court has issued a Scheduling Order and the parties have had the opportunity to conduct formal discovery.

3.   Mrs. Amatucci's motion docketed as Document No. 94 is DENIED to the extent it seeks recusal of Chief Judge McCafferty and Magistrate Judge Johnstone from this case.

4. The Clerk's Office is directed to schedule a preliminary pretrial conference in this matter.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

September 30, 2021

cc: Josephine Amatucci, pro se
    Dona Feeney, Esq.
    Thomas M. Closson, Esq.