**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Josephine Amatucci</u>

    v.                              Case No. 18-cv-1227-SM

<u>Richard M. Young, Jr. et al.</u>

**REPORT AND RECOMMENDATION**

In this civil rights action, plaintiff Josephine Amatucci, appearing pro se, claims that she was a victim of excessive force when she was forcibly removed from the Carroll County Attorney's Office in Ossipee, New Hampshire in 2018. Mrs. Amatucci has moved for summary judgment (Doc. No. 259/8270)[1], to which the defendants have objected (Doc. Nos. 262, 263), to which Mrs. Amatucci has replied (Doc. No. 263/8295). Pursuant to LR 72.1, Mrs. Amatucci's motion has been referred to the undersigned Magistrate Judge for a report and recommendation. For the reasons that follow, the district judge should deny the motion.

---

[1] Mrs. Amatucci identifies most of the documents she files with a four-digit number. The court uses that number, as well as the court's docket number, to assist Mrs. Amatucci in document identification.

**Factual Background**[2]

On September 7, 2018, Mrs. Amatucci went to the Carroll County Attorney's Office ("CCAO"), which is open to the public, to file a complaint against Wolfeboro Police Department Chief Dean Rondeau for threatening her and accusing her of a crime she did not commit. As there was no receptionist at the CCAO, Mrs. Amatucci rang a bell for service, announced the purpose of her visit, and stated that she was in fear for her safety as a result of Chief Rondeau's action. In response, Mrs. Amatucci was told to either send a letter or make an appointment to file her complaint. Mrs. Amatucci alleges that she then asked to make an appointment, and when she received no response, rang the bell again.

Mrs. Amatucci states that Melissa Banks, a senior paralegal in the CCAO contacted the Carroll County Sheriff's Department ("CCSD") and "ordered" CCSD Chief Deputy Richard Young to remove Mrs. Amatucci from the CCAO lobby. Shortly thereafter, CCSD Chief Deputy Young and CCSD Sgt. Michael Bedley arrived at the CCAO and asked Mrs. Amatucci to leave the office. Mrs. Amatucci alleges she told the deputies she was there to file a complaint, that she had a concern for her safety, and that she did not want to leave without filing her

---

[2] The facts set forth herein are gleaned from Mrs. Amatucci's filings in this case.

complaint. Mrs. Amatucci told the deputies she wanted to wait there until someone came out of the CCAO to speak with her. Mrs. Amatucci states that while she was waiting for someone to come out and take her complaint, she unsuccessfully attempted to call the CCAO on her cell phone to try to schedule an appointment to file her complaint. Mrs. Amatucci alleges that no one at the CCAO told her to leave that office.

At the time the deputies arrived, Mrs. Amatucci asserts that she already mistrusted and feared Chief Deputy Young, as she felt that he had previously lied to her, and had assisted another law enforcement officer in violating her rights. Mrs. Amatucci alleges that Chief Deputy Young approached her, and she rang the bell to the CCAO again and pleaded for someone to come out and "get this criminal away from me." Compl. (Doc. No. 1/4273).

Mrs. Amatucci, who was eighty years old on September 7, 2018, claims that Chief Deputy Young then grabbed her right arm, and squeezed and twisted it repeatedly, causing her to scream in pain more than once, and escorted Mrs. Amatucci out of the CCAO. Mrs. Amatucci alleges that while Chief Deputy Young was squeezing and twisting her arm, and while she was screaming in pain, Sgt. Bedley did nothing to stop or protect her from Chief Deputy Young's use of physical force, although he had the opportunity to do so. Mrs. Amatucci states that she

3

was not violent or aggressive during her encounter with the deputies on September 7, 2018, she had not committed any crime, and she did not pose a threat to them or anyone else at any time.

Mrs. Amatucci alleges that the force used against her caused her arm to turn red and purple and form a large lump. Mrs. Amatucci went to see her primary care physician immediately after the incident. Mrs. Amatucci alleges that, upon seeing her arm, a nurse said she should go to the emergency room, and personally accompanied her there, where her arm was x-rayed, and she was given a sling and prescription medication. Mrs. Amatucci asserts that the pain in her arm was severe enough to cost her several nights' sleep, and that the bruising on her arm worsened over the next several days, and resulted in a permanent scar.

## Legal Standard

A.  Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A factual dispute, therefore, precludes summary judgment if it is "material" and "genuine." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party moving for summary judgment

"bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). However, the moving party's burden "may be discharged by showing . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325 (internal quotation marks omitted). Therefore, summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

B. Excessive Force

To prevail on her excessive force claim, Mrs. Amatucci must demonstrate that the defendants employed a level of force against her that was not objectively reasonable when viewed in light of the facts and circumstances facing them at the time, without regard to their subjective intent or motivation. See, e.g., Graham v. Connor, 490 U.S. 386, 396–97 (1989); Alexis v. McDonald's Rest. of Mass., Inc., 67 F.3d 341, 352 (1st Cir. 1995). See Parker v. Gerrish, 547 F.3d at 8-9 (reasonableness of force used to effect seizure "is objective, to be determined "in light of the facts and

circumstances confronting [the officers], without regard to their underlying intent or motivation") (cleaned up); Graham, 490 U.S. at 397 ("officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional"); Gutierrez v. Mass. Bay Transp. Auth., 772 N.E.2d 552, 559 (Mass. 2002) (observing that it is immaterial in section 1983 excessive force claim "whether the police officer had a subjective intent to harm the plaintiff") (citing Graham, 490 U.S. at 397).

## **Discussion**

Other than repeating her already-rejected claim that she is entitled to judgment as a matter of law and that the court should proceed with a trial on damages only, Mrs. Amatucci offers only her conclusory assertion that "nothing . . . justifies the use of force by Young . . ." and that she "did not pose any threat to the officer's safety or the public . . ." Pltf. Resp. (Doc. No 263/8295) at 3-4. As has repeatedly been explained to Mrs. Amatucci, however, see, e.g., Order (Doc. No. 225) at 18, the defendants have the right to challenge Mrs. Amatucci's version of events through discovery. As the court noted in its prior Order (Doc. No. 225) and in its Order on the Defendants' Motions

6

to Dismiss issued this date, Mrs. Amatucci has refused to cooperate in discovery. The court cannot recommend granting summary judgment against the defendants in the absence of discovery. See Celotex Corp., 477 U.S. at 323 (noting summary judgment must follow "adequate time for discovery"); see also Sept. 30, 2021, Order (Doc. No. 134) (denying Mrs. Amatucci's pre-discovery motions for summary judgment).

## Conclusion

Based on the foregoing, the district judge should deny Ms. Amatucci's motion for summary judgment (Doc. No. 259). If the court adopts this recommendation, it is further recommended that the court deny, for the same reasons as those set forth in this report and recommendation, Mrs. Amatucci's Motion for Hearing (Doc. No. 268/9001) and Motion for Expeditious Trial for Jury Damages (Doc. No. 269/8303).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to

file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                                            _____
                                                                            Andrea K. Johnstone
                                                                            United States Magistrate Judge

April 12, 2024

cc:   Josephine Amatucci, pro se
      Counsel of Record